**S. AMANDA MARSHALL, OSB #953473**
United States Attorney, District of Oregon
**PAMALA R. HOLSINGER, #892638**
Pamala.Holsinger@usdoj.gov
**MICHELLE HOLMAN KERIN, OSB #965278**
Michelle.Kerin@usdoj.gov
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **No. 3:11-cr-274-HA** |
| **v.** | **GOVERNMENT'S SENTENCING MEMO** |
| **STEVEN AVERY,** | |
| **Defendant.** | |

The United States, by and through United States Attorney S. Amanda Marshall, and Assistant United States Attorneys Pamala Holsinger, Michelle Holman Kerin, hereby submits this Sentencing Memorandum for the court to consider in sentencing defendant Steven Avery.

## I.    FACTUAL BACKGROUND

The Presentence Report (PSR) accurately reflects the events that were the basis for the charges against defendant.  From 2009 through 2011, defendant, a prolific and long-time bank robber, recruited low-functioning, drug-addicted and homeless individuals to rob banks for him. Defendant choose the banks, in some instances drove the individuals to the banks and in some instances coerced them or gave/sold them drugs to induce them to rob banks.  Many of these individuals he recruited did not have any history of robbing banks but nonetheless, went to jail for

their participation in robbing banks with the defendant.  In all instances, defendant obtained a portion of the proceeds of the robberies.

## II.    GUIDELINES CALCULATION

There are no disputes regarding the advisory sentencing guidelines in this matter.  The parties agree that the Probation Office properly calculated defendant's significant and prolific criminal history at a Category VI.  Moreover, the parties agree that the USPO properly calculated the advisory guideline range and that the defendant's base offense level is 20, plus an increase in two (2) levels pursuant to U.S.S.G. §2B3.1(b)(1) because defendant's crimes involved a financial institution.  The parties further agree that a multiple count adjust of two (2) additional levels is applicable pursuant to U.S.S.G. §3D1.4 and that the defendant is a career offender under U.S.S.G. §4B1.1(b).  This results in an advisory guideline range of 32, before acceptance of responsibility.  The government agrees that a downward departure of three (3) levels pursuant to U.S.S.G. §3E1.1 for the defendant's acceptance of responsibility is appropriate.[1]  Accordingly, the parties agree that the appropriate guideline level is 29.  This results in a guideline sentencing range of 151-188 months.  After taking in the factors of 18 U.S.C. §3553(a), the government recommends that the court impose a mid-range sentence of 165 months to be followed by three (3) years of supervised release.

/ / /

/ / /

/ / /

_____

[1]The defendant plead guilty during the pre-trial conference in this matter and after the government filed its trial documents and prepped witnesses for trial. The government agreed to recommend the third point of acceptance if defendant plead guilty at the pre-trial conference. The defendant did not plead guilty pursuant to a plea agreement other than those conditions explained on the record at the time of his guilty plea.

**Page 2 -        GOVERNMENT'S SENTENCING MEMO**

III.    **SENTENCE RECOMMENDATION**

A.    **Legal Standard**

The sentencing guidelines are advisory in nature. *United States v. Booker*, 543 U.S. 220 (2005). They are one of the statutory factors that sentencing courts must consider when imposing a sentence. *See* 18 U.S.C. §3553(a)(4); *United States v. Rita*, 551 U.S. 338 (2007). They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 39 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350. The remaining factors include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 49 n.6 (same).

In *United States v. Carty*, 520 F.3d 984 (9th Cir.), *cert. denied sub nom. Zavala v. United States*, 128 S.Ct. 2491 (2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The court must first correctly determine the applicable guideline range. *Id.* at 991. The court must also allow the parties to "argue for a sentence they believe is appropriate," and must "consider the §3553(a) factors to decide if they support the sentence suggested by the parties." *Id.* The court may not presume the guidelines are reasonable, and should not give them any more or any less weight than any other factor. *Id.* The court "must make an

individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review." *Id.* at 991-92.

### B.    Basis for Recommendation

The government respectfully recommends that the Court sentence this defendant to a mid-range sentence of 165-months imprisonment, to be followed by three (3) years of supervised release. The government believes that the proposed penalties are imperative to reflect the seriousness of defendant's crime, provide just punishment for the offense, promote respect for the law, and most significantly, to deter defendant from violating the law in the future.  18 U.S.C. §§ 3553(a)(2)(A) and 3553(a)(2)(B).  A 165-month sentence is fair, and necessary to accomplish the goals of sentencing.

Defendant has a storied and prolific criminal history detailed in the PSR.  There is no need to repeat the many interactions the defendant, at age 62, has had with the criminal justice system. However, it is significant to note that he was last sentenced before this very same court for bank robbery to 130 months.[2]  PSR, ¶81.   He was on supervision, on abscond status no less,  for that crime at the time he began this insidious plot of recruiting low-functioning, vulnerable individuals to rob banks on his behalf.  PSR, ¶¶12-13. As a starting point, this court must impose a sentence significantly greater than the one it imposed on defendant for the same crime in 2000.  The criminal

/ / /

/ / /

---

[2]Defendant's Sentencing Memo indicates he cooperated with authorities while in prison. In exchange for his cooperation, he received a reduction in his sentence.  He has NOT cooperated since that time.  He has not provided any information to law enforcement since his release and the government does not believe any reduction for cooperation is justified.

Page 4 -        GOVERNMENT'S SENTENCING MEMO

conduct of defendant before this court has many more aggravating factors than the defendant's prior criminal conduct.[3] A mid-range sentence of 165-months meets all of the goals of sentencing.

First, a mid-range sentence is appropriate to impose just punishment, reflect the seriousness of the defendant's offense and promote respect for the law. Defendant was sentenced to 130 months for his last bank robbery. He was given the opportunity to utilize the services offered by the USPO to change his life as he ages and ensure his later years would not be spent in prison. Instead of using those services and attempting to move forward, defendant absconded from the USPO's supervision and preyed on low-functioning vulnerable individuals like Amy Oscar, Brandon Moore and Amy Rayley to continue his life of crime. Indeed, defendant, a reasonably intelligent and charismatic man, shunned a crime-free life in order to continue to obtain easy money by robbing banks. This was a deliberate, conscious decision. A mid-range sentence of 165-months based on the type of crime defendant engaged in and given his criminal history is necessary to promote respect for the law, to reflect the seriousness of the defendant's conduct and impose a just sentence. Anything less, is not adequate.

Moreover, 165-months is necessary to promote general and specific deterrence. Defendant last received a sentence of 130-months from this court. It did nothing to deter defendant. Indeed, defendant immediately demonstrated poor performance on supervision following his release by using cocaine and marijuana. PSR, ¶81. He then absconded from supervision and began to recruit vulnerable individuals to rob banks for him. Then, even after he was caught for his supervised release violation and sentenced to 12 months in jail as a consequence, he continued to recruit low-

---

[3]This court has already sentenced Amy Oscar, Brandon Linder, Patti Morris and Trustee Anastacio for their roles in the bank robberies at issue.

Page 5 -        GOVERNMENT'S SENTENCING MEMO

functioning and vulnerable individuals to rob banks for him upon his release.  PSR, ¶81.  Defendant

has shown little if any remorse for his conduct and continues to deny portions of it–there is simply

no indication that the defendant will change and decide to be a functioning member of society.  In

his Sentencing Memo, defendant cites general observations that recidivism decreases with age.

However all of the evidence in this case about this defendant demonstrates the exact opposite.  Far

from decreasing his criminal activity with age, defendant has instead escalated the scope and

injurious nature of his criminal conduct with age.  There is no evidence that defendant's recidivism

will change at all.  Even in his late 50's defendant continued to be interested in and found a way to

rob banks and commit crime.  The manner is which he did it, recruiting low-functioning and

vulnerable individuals, is particularly noxious and should be punished more harshly.

## V.    CONCLUSION

The government believes that the proposed sentence of a 165-month prison term,

and three (3) years of supervised release are imperative to reflect the seriousness of defendant's

crime, provide just punishment for the offense, promote respect for the law, and deter defendant and

others from violating the law in the future.  18 U.S.C. §§ 3553(a)(2)(A) and 3553(a)(2)(B).

Dated this 3rd day of February, 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney
District of Oregon

*/s/ Michelle Holman Kerin*
MICHELLE HOLMAN KERIN
Assistant United States Attorney

Page 6 -        GOVERNMENT'S SENTENCING MEMO