IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,                                      3:11-CR-00274-BR
                                                    (3:15-CV-01606-BR)
                Plaintiff,

                                                    OPINION AND ORDER
v.

STEVEN DAVID AVERY,

                Defendant.


**BILLY J. WILLIAMS**
United States Attorney
**PAMALA R. HOLSINGER**
**MICHELLE HOLMAN KERIN**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

                Attorneys for Plaintiff

**STEVEN DAVID AVERY**
#52437-146
Butner Federal Medical Center
Inmate Mail/Parcels
P.O. BOX 1600
Butner, N.C. 27509

                Defendant, *Pro Se*


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Steven David Avery's Motion (#133) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons that follow, the Court **DENIES** Defendant's Motion and **DENIES** a certificate of appealability.


<u>BACKGROUND</u>

On July 11, 2013, Defendant Steven David Avery was charged in an Indictment with three counts of Conspiracy to Commit Bank Robbery and Bank Larceny in violation of 18 U.S.C. § 371 and two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a).

On June 13, 2012, Judge Ancer L. Haggerty held a hearing at which Defendant entered a guilty plea to the two counts of Bank Robbery.  After finding Defendant's guilty plea was knowing, intelligent, and voluntary and that there was a factual basis for finding Defendant guilty beyond a reasonable doubt, Judge Haggerty accepted Defendant's plea and found Defendant guilty.

On February 4, 2013, Judge Haggerty sentenced Defendant to a term of 151 months imprisonment on each count to be served concurrently.  On February 6, 2013, a Judgment was entered.

On February 6, 2013, Defendant filed a Notice of Appeal to the Ninth Circuit.

On June 24, 2014, the Ninth Circuit affirmed Defendant's

2 - OPINION AND ORDER

conviction and sentence.

On July 21, 2014, Defendant filed a Motion to Dismiss the matter on the ground of lack of jurisdiction even though it was already terminated when the Ninth Circuit affirmed the conviction and sentence.  Defendant asserted the Federal Deposit Insurance Corporation (FDIC) is not a federal agency and, therefore, FDIC insurance does not cover an institution for losses incurred as a result of theft or robbery.  According to Defendant, therefore, the Indictment was "erroneous and false" when it stated "that the money/currency was then and there in the care, custody, control and management of the U.S. banks whose deposits were insured by the [FDIC]."  Def.'s Mot. to Dismiss (#103) at 2.

On September 2, 2014, Judge Haggerty issued an Order finding Defendant did not have any "valid procedural basis to bring [the Motion]" and denied Defendant's Motion to Dismiss.  Order (#121) at 1.  Judge Haggerty noted Defendant "may attempt to make these [same] arguments" in a § 2255 motion and advised Defendant that his

> jurisdictional claims are meritless.  The Ninth
> Circuit has held that "[f]ederal courts have
> jurisdiction over a bank robbery offense where the
> bank was a federally insured institution."  *United
> States v. Harris*, 108 F.3d 1107, 1109 (9th Cir.
> 1997)(citations omitted).  Under 18 U.S.C.
> § 2113(f), "bank" means any bank whose deposits
> are insured by the Federal Deposit Insurance
> Corporation (FDIC).  In this case, the two
> financial institutions at issue were federally
> insured at the time of defendant's crimes;
> therefore, this court has subject matter

jurisdiction.

Order (#121) at 1.

On June 10, 2015, this matter was reassigned to this Court.

On June 15, 2015, the Court entered an Order granting Defendant a "brief, final extension" to July 27, 2015, to file a motion pursuant to § 2255.  The Court's docket reflects a copy (#127) of the Order was mailed to Defendant on June 15, 2015.

On June 23, 2015, the Court's June 15, 2015, Order was returned as undeliverable.

On August 6, 2015, Defendant filed a Motion for Extension of Time to File a Motion under § 2255 and also filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1]

On August 10, 2015, the Court entered an Order in which, among other things, the Court deemed Defendant's August 6, 2015, Motion to Vacate (#133) timely filed.

The Court took Defendant's Motion under advisement on October 23, 2015.


**STANDARDS**

28 U.S.C. § 2255 provides in pertinent part:

---

[1] Defendant's Motion was initially docketed as an Amended Motion to Vacate but on August 25, 2015, the Court entered an Order noting Defendant's Motion had been docketed as an Amended Motion in error and directing the Clerk of Court to redocket Defendant's Motion accordingly.

4 - OPINION AND ORDER

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right
> to be released upon the ground that the sentence
> was imposed in violation of the Constitution or
> laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or
> that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.
>
> * * *
>
> If the court finds that the judgment was rendered
> without jurisdiction, or that the sentence imposed
> was not authorized by law or otherwise open to
> collateral attack, or that there has been such a
> denial or infringement of the constitutional
> rights of the prisoner as to render the judgment
> vulnerable to collateral attack, the court shall
> vacate and set the judgment aside and shall
> discharge the prisoner or resentence him or grant
> a new trial or correct the sentence as may appear
> appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## DISCUSSION

Defendant moves to vacate his conviction and sentence on the ground of ineffective assistance of counsel. Defendant raises four grounds on which he alleges his counsel was deficient.

5 - OPINION AND ORDER

The government asserts Defendant's Motion should be denied as untimely, or in the alterative, denied on the merits.

## I.   Standards

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). *See also Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Premo*, 131 S. Ct. at 739. *See also Sexton v. Cozner,* 679 F.3d 1150, 1159 (9th Cir. 2012); *Ben-Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992)(citing *Strickland*, 466 U.S. at 687-88)). *See also Sexton*, 679 F.3d at 1159 (citing *Premo*, 131 S. Ct. at 739). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. *See also Detrich v. Ryan*, 677 F.3d 958, 973 (9th Cir. 2012). There is a strong presumption that counsel's assistance was adequate. *Strickland,* 466 U.S. at 689. *See also Sexton*, 679 F.3d at 1159. To overturn a guilty plea,

6 - OPINION AND ORDER

the defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See also Smith v. Mahoney*, 611 F.3d 978, 988 (9th Cir. 2010).

To prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *See also Sexton*, 679 F.3d at 1159-60. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. *See also Sexton*, 679 F.3d at 1160.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland,* 466 U.S. at 697. *See also Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697. *See also Heishman*, 621 F.3d at 1036.

## II.  Defendant's Motion was timely.

28 U.S.C. § 2255 provides the one-year period during which a defendant may file a petition for a writ of habeas corpus begins to run from "the date on which the judgment of conviction becomes

final."  "The Supreme Court has held . . . a conviction is final
in the context of habeas review when 'a judgment of conviction
has been rendered, the availability of appeal exhausted, and the
time for a petition for *certiorari* elapsed or a petition for
*certiorari* finally denied.'"  *United States v. Schwartz*, 274 F.3d
1220, 1223 (9th Cir. 2001)(quoting *Griffith v. Kentucky*, 479 U.S.
314, 321 n.6 (1987)).

     As noted, the Ninth Circuit affirmed Defendant's conviction
and sentence on June 24, 2014.  Accordingly, the limitations
period for Defendant to file a Motion under § 2255 expired on
June 24, 2015.  As noted, however, Defendant did not file the
Motion to Vacate in this matter until August 6, 2015, which is
more than a month after the limitations period expired.
Nevertheless, on August 10, 2015, the Court entered an Order in
which it deemed Defendant's Motion to Vacate to be timely filed.
The Court, therefore, concludes Defendant's Motion to Vacate is
timely.

**III. Defendant's Grounds for Ineffective Assistance of Counsel.**

     **A.    Ground One**

          In his first ground for relief Defendant asserts trial
counsel, Laurie Shertz, was ineffective when she failed to
"advance the argument that petitioner's indictment was defective
in that there was no money taken from any of the banks listed in
the indictment."  Defendant asserts "[m]oney is only a gold or

8 – OPINION AND ORDER

silver coin based on the weight/measure standard authorized."

The Indictment, however, alleged throughout that "money" was taken from each financial institution.  In addition, the argument that § 2113 applies only to gold or silver coin has been rejected by the Ninth Circuit.  *See United States v. Harris*, 108 F.3d 1107, 1108 (9th Cir. 1997)("Federal courts have jurisdiction over a bank robbery offense where the bank was a federally insured institution.").  *See also Toles v. United States*, 308 F.2d 590, 594 (9th Cir. 1962).

Accordingly, on this record the Court finds trial counsel did not render ineffective assistance of counsel when she failed to assert the Indictment was defective because Defendant did not take any "money" from the banks.

**B.   Ground Two**

In his second ground for relief Defendant asserts trial counsel was ineffective when she failed to argue the Indictment was defective because the FDIC does not insure against losses covered by bank robbery, and, therefore, the money was not taken from a federally insured institution within the meaning of § 2113.

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1059 (9th Cir. 1991).  Federal courts "possess only that power authorized by

Constitution and statute." *Kokkonen*, 511 U.S. at 377. Under 18 U.S.C. § 3231 federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States," including bank robbery when the bank was a federally insured institution. *Harris*, 108 F.3d at 1108. *See also* 18 U.S.C. § 2113(f)("bank" means any bank whose deposits are insured by the FDIC).

To the extent that Defendant challenges the constitutionality of § 2113, the Ninth Circuit has explicitly rejected that argument. Specifically, the Ninth Circuit has held:

> The federal bank robbery statute contains jurisdictional language that requires the prosecutor to establish a connection to interstate commerce because the statute's coverage is limited to banks that are members of the Federal Reserve System or insured by the FDIC. 18 U.S.C. § 2113(f); *see United States v. Wilson*, 73 F.3d 675, 694 (7th Cir. 1995)(Coffey, J., dissenting), *cert. denied*, 519 U.S. 806 (1996). These financial institutions are instrumentalities and channels of interstate commerce and their regulation is well within Congress's Commerce Clause power.

*Harris*, 108 F.3d at 1109. Here the Indictment alleged the two financial institutions that Defendant robbed were insured by the FDIC at the time of Defendant's crimes. In addition, Defendant admitted during his plea colloquy that both banks were FDIC insured. *See* June 13, 2012, Hearing Tr. at 35. Defendant does not cite nor can this Court find any authority to support

10 - OPINION AND ORDER

Defendant's contention that banks are not FDIC insured for purposes of § 2113 because FDIC insurance does not cover banks for losses incurred as a result of robbery.

Accordingly, on this record the Court finds trial counsel did not render ineffective assistance of counsel when she failed to assert that the Indictment was defective because the FDIC does not insure banks against losses covered by bank robbery, and, therefore, the money was not taken from a federally insured institution within the meaning of § 2113.

**C.   Ground Three**

In his third ground for relief Defendant asserts trial and/or sentencing counsel was ineffective by failing to object to Defendant "being classified, convicted, and sentenced as a career offender."   The record, however, reflects Defendant's sentencing counsel, Mark Cogan, argued in Defendant's Sentencing Memorandum against imposition of the career-criminal designation on the grounds that it would "unfairly compound" Defendant's sentence and was unduly harsh in light of Defendant's difficult background and advanced age.

Moreover, the record thoroughly supported a career-offender designation.   Under United States Sentencing Guideline (U.S.S.G) § 4B1.1 a person qualifies as a career offender when (1) the defendant is at least 18 years old at the time of the offense of conviction, (2) the offense of conviction is a felony

11 - OPINION AND ORDER

that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.2 defines a crime of violence as a state or federal offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" and is punishable by imprisonment for a term exceeding one year.  The application notes specifically list "robbery" as one of the crimes of violence included in § 4B1.2. § 4B1.2 at n.1.  Moreover, the record reflects Defendant has a 45-year criminal history.  The Presentence Report reflects Defendant's prior bank robbery convictions in this District also meets the third criteria of of § 4B1.1.  Presentence Report at ¶ 51. Judge Haggerty adopted that finding at sentencing.

Accordingly, on this record the Court finds trial and/or sentencing counsel did not render ineffective assistance of counsel with respect to Defendant's career-offender designation.

### D.    Ground Four

In his fourth ground for relief Defendant asserts trial counsel was ineffective when she "was allowed to put in an affidavit claiming that [Defendant] waived his right to a speedy trial over the phone.  [Defendant] never agreed to a waiver, and told the court that no agreement was made over the phone with

counsel."

On September 9, 2011 Laurie Shertz was appointed as Defendant's counsel.

On October 17, 2011, Shertz filed a Motion to Continue the Trial and sought a 120-day continuance.  In her Declaration in support of the Motion Shertz outlined in detail the reasons for an extension, including the need to investigate the witnesses who corroborated Defendant's criminal conduct and the location of Defendant during the bank robberies at issue.  Shertz Decl. (#15) at ¶¶ 4-5.  Shertz testified:  "I have discussed this continuance with my client, he understands that the time will not run for speedy trial purposes, he agrees a continuance is necessary, and he consents to the continuance of the trial date."  Shertz Decl. at ¶ 7.

On October 18, 2011, Judge Haggerty entered an Order (#17) granting Defendant's Motion to Continue Trial Date and found "excludable delay from 11/1/2011 to 3/6/2012 pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) to allow additional time for investigation and case preparation."

On February 10, 2012, Shertz filed a Motion to Withdraw as Defendant's counsel.

On February 16, 2012, Judge Haggerty held a hearing on Shertz's Motion to Withdraw, granted her Motion, and appointed Mark Cogan as defense counsel.

13 - OPINION AND ORDER

On February 17, 2012, Defendant filed a *pro se* Motion to Dismiss Indictment Fast and Speedy Act in which he asserted, among other things, that he had "yet to sign any form of waiver or given [*sic*] consent, verbal or written, waiving his Sixth Amendment right [to speedy trial]." Def.'s Mot. (#36) at 7.

On April 9, 2012, Judge Haggerty held an evidentiary hearing and oral argument on Defendant's Motion to Dismiss Indictment. Shertz testified at the hearing and was cross-examined by Cogan. Shertz testified she discussed the need for a continuance with Defendant several times, and he agreed to a continuance. Shertz also testified as to the contents of contemporaneous notations in her file that corroborated her testimony. April 9, 2012, Hearing Tr. at 7-23. Shertz also testified regarding the reasons she needed a continuance in order to represent Defendant adequately. *Id.* Judge Haggerty denied Defendant's Motion from the bench and found

> the evidence is very clear that Ms. Shertz would not have taken the appointment unless Mr. Avery agreed to the continuance, for a number of reasons.
>
> * * *
>
> In this case we have the added fact that Ms. Shertz prepared the affidavit five days before she met again with Mr. Avery and noted in her file that Mr. Avery, in fact, agreed to the 120-day setover and that he, in fact, had waived his speedy trial rights.
>
> * * *

14 - OPINION AND ORDER

> [T]he Court is going to find that on or about
> October 17th Mr. Avery did, in fact, agree to a
> continuance of 120 days and that he, in fact, did
> waive his speedy trial rights at that time.

April 9, 2012, Hearing Tr. at 29-30.  On April 9, 2012, Judge
Haggerty issued an Order denying Defendant's Motion to Dismiss.

Defendant does not point to any new evidence or
authority to support his assertion that he did not consent to the
continuance of his trial or to any reason why Judge Haggerty's
factual finding that Defendant did consent to the continuance
does not have a preclusive effect at this stage.  Because
Defendant had a full and fair hearing as to the issue of the
waiver of his speedy-trial rights, the Court concludes on this
record that trial and/or sentencing counsel did not render
ineffective assistance of counsel with respect to the issue of
Defendant's waiver of his speedy-trial rights.

In summary, the Court concludes Defendant has not
established he received ineffective assistance of counsel at any
time in this matter.  Accordingly, the Court denies Defendant's
Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28
U.S.C. § 2255.

## III. Certificate of Appealability

Because the legal issues raised in Defendant's Motion are
clearly established and because Defendant's arguments do not show
any basis for reasonable disagreement, the Court declines to
grant Defendant a certificate of appealability.

15 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#133) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 15th day of December, 2015.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER