IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OREGON AT
PORTLAND OREGON 97204

| | |
|---|---|
| UNITED STATES<br>    Plaintiff,<br><br>vs.<br><br>STEVEN AVERY<br>    Respondent. | §<br>§<br>§<br>§ Case No. 3:11-cr-00274-BR<br>§<br>§ Motion To Set Aside, Vacate, or<br>§ Correct Sentence.<br>§ Pursuant To: Const. Amend., Rule<br>§ 35(a) Correction or Reduction of<br>§ Sentence. Rule 52(b) Plain Error,<br>§ Rule 61 Harmlessness Error, Rule 201<br>§ Claim for Relief, Rule 1101(a), Rule<br>§ 60(a), Rule 45(c) Advisory Committee<br>§ on Rule Abolishes the Expiration of<br>§ a Term of Court Term Limitation,<br>§ Rule 403 Fed. R. Evid., Rule 402<br>§ General Admission of Relevant<br>§ Evidence, 14th & 6th Amendments of<br>§ the Constitution.<br>§<br>§ / |

**COMES NOW,** Steven Avery in Propria Persona herein after as Movant and moves this Court for an Order to: Set Aside, Vacate, and or Correct Sentence; in reference to Case No. 3:11-dr-00274-BR. Motion herein stating "Violation of a New Substantive Rule of Constitutional Law." Movant then moves this Court for an Order to correct sentence as direct cause stating a violation of a Constitutional Law. Said <u>Substantive, Rule of Constitutional Law;</u> is categorically made Retroactive to final conviction.

<u>"Claim for Relief"</u> under **54(b)** denotes aggregate of operative facts which give rise to a <u>"Right"</u> enforceable in Court; because Defendant's prior convictions were similar to Movant's current Charge; and any probative value of describing name and nature of his prior convictions for impeachment purpose under Federal Rules of Evidences **Rule 609(b)** Admission of Defendant's prior felony convictions for the last decade are mandatory admissible on issue of credibility; except that in case of possible prejudice. <u>"Prejudice"</u> is to be weighed against probative value

1

of conviction otherwise Judge's have no discretion under **Fed. R. Evid. 403** over admission of such evidence, regardless of whether the case is civil or criminal. **609(b) Limits** on using evidence after ten years; this **subdivision (b)** applies if more than 10 years have passed since the conviction or release from confinement for it; whichever is later. **(b) (1) (2)**. Movant concedes that the A.U.S.A. gave notice that the Career Offender Act was going to be used in Instant Offense; nonetheless, it was never stated, written, or otherwise known that the A.U.S.A. was going to use cases that would span a time period dating back ten or twenty years; not to mention the judicial content. See **Williams v. Dieball:** May 21, 2013, see **Duran v. Town of Cicero**, February 17, 2010, see **538 F.3d 667**. **Kung v. DeFilse**, November 28, 2007.

It should be noted that the language in **Career Offender Provision** in the U.S. Sentencing Guideline, and the language declared; "Unconstitutional Vague" in **Johnson** are identical to that used in the definition of **Career Offender; Predicate** under **Armed Career Offender**; under **United States Sentencing Guideline Act**, 4B1.1 and 4B1.2(a)(2) Residual Clause Sentence; **The Sixth Circuit** vacated section 4B1.1(a)(2) Residual Clause Sentence and remanded for consideration in light of **Johnson v. United States S. Ct.** noting that it has previously interpreted; Both Residual Clause Identical.

In the instant case before the Court for an Order for remand to Vacate, Set Aside, and are to correct the sentence imposed by the Court, as said sentence is in violation of Movant's Constitutional Right. Under a new **"Substantive Rule of Constitutional Law**; "that is categorically made retroactive to Final Conviction. The United States Supreme Court Justices in **Johnson v. United States, 2015 bl 204915 (U.S. June 26, 2015, 97 Cr. L. 403, 7/1/15** ruled that the catchall definition of violent felony" in the A.C.C.A. was too Unconstitutional Vague to justify enhancing a recidivist's sentence thus announcing a "New Substantive Rule of Constitutional Law."

2

In light of the Instant Case before the Court, Movant relies on the 14th Amendment, stating Equal, Protection for all, and moves this <u>Court</u> for an <u>Order</u> to remand, for the purpose of the Court to Set Aside, Vacate, or Correct the Sentence.  Movant appreciates the Court's indulgence in this Matter, for its time and consideration of the same, further Movant sayth not.

**MEMORANDUM**
**IN SUPPORT**

**Motion to Set Aside, Vacate, and Correct**
**Sentence Case No. 3:11-CR-00274-BR**

In and for the Motion before the Court, Movant states the Body of Facts; outlined in the body of the Motion to: Set Aside, Vacate, or Correct the Sentence; in Support thereof.

When observing the U.S. Supreme Court's decision in Johnson v. U.S., S. Ct. striking down the residual clause of the Armed Career Criminal Act; several Circuit Courts acted in concert with the U.S. Supreme Court ruling, and an above average number from the Legalis Community have the same opinion: That using prior crimes to enhance a sentence is liking to what is known as Double Jeopardy as the crimes used for enhancement have been settled and have nothing to do with the instant case before the Court. I too feel strongly that going into a person's past record smacks as Double Jeopardy because I've already paid the price for those said crimes. Nonetheless, the United States Supreme Court has made it a new Substantive Rule of Constitutional Law; when the Justices in Johnson v. United States, 2015 BL 204915 (U.S. June 26, 2015, 97 Cr. L. 403, 7/1/15 ruled that the catchall definition of "Violent Felony" in the A.C.C.A. was too Unconstitutionally Vague to Justify Enhancing a Recidivist's Sentence. This "new Substantive Rule of Constitutional Law' is categorically made retroactive to final convictions, demonstrating the impact Johnson had on successively arguing Collateral Attacks.

Constitutional Law:
The body of law deriving from the United States Constitution, and dealing primarily with governmental Powers, Civil Rights, and Civil Liberties.
2. The body of legal rules that determine the Constitution of a State, or country with an unwritten Constitution Ct. Statutory Law; Common Law.
3. The field of Law dealing with the aspects of Constitutional

(1)

Provisions, (such as restriction on Government Powers and a guarantee of Rights. A <u>Constitutional Guarantee</u> a <u>Promise</u> contained in the United States Constitution that supports or establishes an inalienable Right such as the <u>Right to Due Process</u>.

Johnson v. United Supreme Court is admissible in this filing for purpose of striking down the residual clause of Career Offender Act. Stating that it is <u>Unconstitutionally Vague</u>.

### "Rule of Lenity"

The judicial doctrine holding that a Court in construing an ambiguous criminal statute that set out multiple or inconsistent punishment should resolve the ambiguity in favor of the more lenient punishment.

### "Vague"

Imprecise, not sharply outlined; indistinct, uncertain.

### "Unconstitutionally Vague"

(Of a penal legislative provision) so unclear and indefinite as not to give a person of ordinary intelligence the opportunity to know what is prohibited.

(Of a Statue))impermissibly delegating basic policy matters to Administrators and Judges to such a degree as to lead to arbitrary and discriminatory application.

(Of language) describing a distribution around a central norm as opposed to a neatly bounded class; broadly indefinite characterized by haziness of thought.

### "Substantive Law"

The part of the law that creates, defines, and regulates the Rights, Duties, and power of Parties. C.P. Procedural Law, "Sofar as the administration of Justice is concerned with the application of remedies to violated rights, we may say that the Substantive Law defines the remedy and the Right, while the law of procedure defines the modes and conditions of the application of the one to the <u>other</u>. John Salmond- Jurisprudence 476 (Gainville L. Williams ed 10th ed 1947).

It should be noted that the Court take Article II Judicial Notice Rule 201 Judicial Notice of Adjudicative Facts of a **"New Substantive Rule of Constitutional Law"** in the Subject matter concerning this case.

"In view of the language in the (Sentencing Guideline) Career Offender defined by **4B.1** Statue **4B.1.2 924(c) 4b.1.3** only applies to **924(c) <u>Crimes of Violence</u>**. The Residual Clause as deemed Unconstitutionally Vague in **28 U.S.C. 924(e)** which has affected **§ 4B1.4** and is defined in **4B1.2(a)** terms used in **Section 4B1.2** has determined the application of **§ 4B1.1** to be Unconstitutionally Vague within the Sentencing Reform Act Provisions of the Comprehensive Crime Control Act of 1984 in violation of **28 U.S.C.S. 991(b).** In conclusion, an error applying Sentencing Guideline in the subject matter before the Court.

### ERROR IN APPLYING SENTENCING GUIDELINES

An erroneous application of the Career Offender Provision of the United States Sentencing Guideline qualifies as a Fundamental Miscarriage of Justice that can be corrected on collateral review U.S. Court of Appeal Fourth Circuit held April 8, 2014 **Whiteside v. United States, 2014 BL 96662, 4th Cir., No. 13-7152, 4-8-14.**

### MISAPPLYING "ENHANCEMENT IS UNJUST"

Collateral, habeas type review pursuant to section 2255 does not reach all errors in conviction and sentencing. It allows correction of Jurisdictional and Constitutional errors, but mistakes do not provide a basis for relief unless they as "a fundamental defect which inherently results in a complete miscarriage of justice." **Sun Bear v. United States 644 F. 3d 700, 89 Cr. L 643 (8th Cir. 2011)**

## PROCEEDINGS TO ESTABLISH PRIOR CONVICTION

Movant was not advised that under **proceedings to establish Prior Conviction 851(a) (1) (b) (C)(1)(2)(e) that he had a right alerted to the facts that prior were going to be used in the case before the Court.**

851.(a)

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason for one or more prior convictions, unless before trial or before entry of a plea of guilty, the United States Attorney files an information with the Court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous conviction to be relied upon. Upon a showing by the U.S.A. that the facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the Court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of the obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

"Residual has no meaning in Criminal Cases according to Black's Law Dictionary, 8th Edition."

(2)