IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES, | 3:11-CR-00274-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STEVEN DAVID AVERY, | |
| Defendant. | |

**BILLY J. WILLIAMS**
United States Attorney
**PAMALA R. HOLSINGER**
**MICHELLE HOLMAN KERIN**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

      Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Steven David Avery's Objection (#163) to Stay.  For the reasons that follow, the Court **CONTINUES** the stay in this matter.

## BACKGROUND

On July 13, 2011, Defendant Steven David Avery was charged in an Indictment with three counts of Conspiracy to Commit Bank Robbery and Bank Larceny in violation of 18 U.S.C. § 371 and two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a).

On June 13, 2012, Judge Ancer L. Haggerty held a hearing at which Defendant entered a guilty plea to the two counts of Bank Robbery.  After finding Defendant's guilty plea was knowing, intelligent, and voluntary and that there was a factual basis for finding Defendant guilty beyond a reasonable doubt, Judge Haggerty accepted Defendant's plea and found Defendant guilty.

On February 4, 2013, Judge Haggerty held a sentencing hearing at which he found Defendant to be a career offender, adopted the sentencing calculations in the Presentence Report (PSR) that included an eight-level enhancement under U.S.S.G. § 4B1.2 for Defendant's career-offender status, and sentenced Defendant to a term of 151 months imprisonment on each count to

be served concurrently.[1]

On February 6, 2013, the Court entered a Judgment. Defendant's projected release date is May 24, 2022.

On February 6, 2013, Defendant filed a Notice of Appeal to the Ninth Circuit.

On June 24, 2014, the Ninth Circuit affirmed Defendant's conviction and sentence.

On August 6, 2015, Defendant filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

On December 15, 2015, the Court issued an Opinion and Order in which it denied Defendant's first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

On February 16, 2016, Defendant *pro se* filed a second Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 in which he asserts he is entitled to a reduction in his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson* the Court held the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutional. Although Defendant was not sentenced under the ACCA, Defendant asserts he received an eight-level increase in his sentence because he was found to be a career criminal under

---

[1] Defendant states in his Objection to the Motion to Stay that he has been in custody "earning time on the preset sentence since January 6, 2011."

3 - OPINION AND ORDER

§ 4B1.1(b). Defendant asserts he is entitled to be resentenced because the language in § 4B1.1(b) is "identical" to the language at issue in *Johnson*, and, therefore, § 4B1.1(b) is also unconstitutional. At the time that Defendant filed his second § 2255 Motion, however, the Supreme Court had not decided whether *Johnson* applied retroactively to § 2255 proceedings.

On April 18, 2016, the Supreme Court issued an opinion in *Welch v. United States*, 136 S. Ct. 1257 (2016), in which it held *Johnson* announced a new substantive rule, and, therefore, its holding is retroactive in cases under § 2255. The Court, however, did not decide whether *Johnson*'s holding applied to the career-offender provision in § 4B1.1(b) or whether *Johnson* is retroactive in § 2255 proceedings that involve the career-offender designation under § 4B1.1.

On April 25, 2016, the government filed in this case a Motion to Stay the determination of Defendant's second § 2255 Motion on the ground that the questions left unanswered in *Welch* are the same questions at issue in Defendant's second § 2255 Motion, and those questions are both pending before the Ninth Circuit in *Jacob v. United States*, No. 15-73302.

On April 29, 2016, the Court entered an Order in which it granted the government's Motion to Stay, stayed this matter pending the Ninth Circuit's ruling in *Jacob*, and directed the parties to advise the Court of the government's position within

4 - OPINION AND ORDER

ten days after the Ninth Circuit issued a ruling in *Jacob*.

On June 2, 2016, the Court issued an Order in which it advised the parties that it had received a Mandate (#160) from the Ninth Circuit that provided in relevant part:

> Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2255 motion makes a *prima facie* showing under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The application is granted. . . . The district court is authorized to proceed with the identical section 2255 motion protectively filed in District of Oregon case number 3:11-cr-00274-BR on February 16, 2016, when it determines that the stay of those proceedings should be lifted.

The Court continued the stay of this matter, but directed Defendant to notify the Court whether he objected to the Court's continued stay.

On June 16, 2016, counsel was appointed for Defendant.

On June 22, 2016, Defendant filed an Objection to Stay. The Court took this matter under advisement on July 18, 2016.

## DISCUSSION

Defendant objects to staying this matter on the grounds that Defendant has made a strong showing of likelihood of success on the merits and he will be irreparably injured if the Court stays this matter.

### I.  Likelihood of Success

Defendant concedes in his Objection that the Ninth Circuit's decisions in *Jacob* and the companion case, *United States v.*

5 - OPINION AND ORDER

*Gardner*, No. 15-72559, will likely determine whether *Johnson* applies retroactively in § 2255 proceedings to sentences that include a guideline career-offender designation.  Nevertheless, Defendant asserts the Court should not stay this matter any longer because Defendant has made a strong showing as to his likelihood of success on his second § 2255 Motion.  Defendant notes the Supreme Court held in *Welch* that *Johnson* applies retroactively to § 2255 proceedings involving sentences imposed under the ACCA.  Defendant also points out that the Fourth Circuit has held *Johnson* applies retroactively to § 2255 proceedings involving sentences that include the guideline career-offender designation.  *See In re Hubbard*, No. 15-276, 2016 WL 3181417, at *7 (4th Cir. June 8, 2016)("[T]he rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively.").  In addition, Defendant notes Judge Michael Simon in this District reached a similar conclusion in *United States v. Dean*, No. 3:13-CR-00137-SI, 2016 WL 1060229, at *16 (D. Or. Mar. 15, 2016).

    Nevertheless, this Court finds it is questionable whether Defendant has made a strong showing on this basis in his circumstances because the Ninth Circuit has not decided the issue and there remains a split among the circuits.  For example, in the case of *In re Griffin*, No. 16-12012-J, 2016 WL 3002293 (11th Cir. May 25, 2016), the defendant was sentenced as a career

6 - OPINION AND ORDER

offender under § 4B1.1.  The defendant filed a successive § 2255 petition after the Supreme Court's decision in *Johnson* seeking to set aside or to correct his sentence.  The Eleventh Circuit denied the defendant's petition in part because the court concluded *Johnson* did not announce a new rule of constitutional law with respect to career-offender sentences that was made retroactive to § 2255 proceedings:

> [A] rule extending *Johnson* and concluding that it invalidates the crime-of-violence residual clause in the Guidelines would establish only that the defendant's guidelines range had been incorrectly calculated, but it would not alter the statutory boundaries for sentencing set by Congress for the crime. . . .  Instead, such a rule when applied in the guidelines context would produce changes in how the sentencing procedural process is to be conducted—changes that are not entitled to retroactive effect in cases on collateral review in a second or successive § 2255 motion.
>
> * * *
>
> [W]hether the Guidelines are mandatory or advisory, the district court, even without the invalidated residual clause, could still impose a sentence within the same statutory penalty range and indeed the same sentence as before.

*Id*., at *5.  *See also Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015)(reaching same conclusion).  In addition, as the Sixth Circuit explained in the case of *In re Embry*, No. 16-5447, 2016 WL 4056056 (6th Cir. July 29, 2016):

> The Fifth and Eighth Circuits have concluded that *Johnson* does not dictate the invalidation of the Guidelines' residual clause, and have denied motions [to file a second or successive § 2255 motion].  *In re Arnick*, No. 16-10328, 2016 WL

7 - OPINION AND ORDER

>  3383487, at *1 (5th Cir. June 17, 2016) (per curiam); *Donnell v. United States*, No. 15-2581, 2016 WL 3383831, at *2 (8th Cir. June 20, 2016). The Second, Fourth, and Tenth Circuits have gone the other way. *Blow v. United States*, No. 16-1530, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) (per curiam); *In re Hubbard*, No. 15-276, 2016 WL 3181417, at *6-7 (4th Cir. June 8, 2016); *In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016)(per curiam). Making matters more complicated, the Eleventh Circuit disagrees with *Pawlak* across the board, and has held that the vagueness doctrine does not apply to the Guidelines, which create recommended sentencing ranges, not required sentencing ranges. *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015).
>
> When it comes to deciding whether [the defendant] has made a *prima facie* showing of a right to relief, there are two sides to this debate, each with something to recommend it.

*Id.*, at *2. The Sixth Circuit ultimately decided the defendant's motion to authorize the filing of a second or successive application for habeas corpus relief "is granted, and the case is transferred to the district court to be held in *abeyance* pending the Supreme Court's decision in *Beckles v. United States*." *Id.*, at *5 (emphasis added). Thus, there is manifest disagreement among the Circuits as to the effect of *Johnson* on § 2255 motions that challenge sentences under the career-offender designation.

Significantly, as the government notes and as the Sixth Circuit pointed out in *Embry*, the Supreme Court recently accepted *certiorari* in *Beckles* on three issues that are directly relevant to this case:

>  1.  Whether *Johnson* applies retroactively to

8 - OPINION AND ORDER

>           collateral cases challenging federal
>           sentences enhanced under the residual clause
>           in U.S.S.G. § 4B1.2
>
>     2.    Whether *Johnson's* constitutional holding
>           applies to the residual clause in U.S.S.G.
>           § 4B1.2, thereby rendering challenges to
>           sentences enhanced under it cognizable on
>           collateral review.
>
>     3.    Whether mere possession of a sawed-off
>           shotgun, an offense listed as a "crime of
>           violence" only in the commentary to U.S.S.G.
>           § 4B1.2, remains a "crime of violence" after
>           *Johnson*.

As a result of the Supreme Court's grant of *certiorari* in *Beckles,* the Ninth Circuit (like the Sixth Circuit) issued stays in both *Gardner* and *Jacob*.  Thus, the Ninth Circuit is holding cases in abeyance pending the Supreme Court's decision in *Beckles* that involve the same issues that are at hand in this case. Accordingly, even if this Court lifted the stay and decided this matter, the government has stated it will likely move to stay the matter in the Ninth Circuit and such a stay seems likely to be granted.

The Court, therefore, concludes Defendant has not established a strong likelihood of success on his second § 2255 Motion at this time.

**II.  Irreparable Injury**

Defendant also asserts he will be irreparably injured if the Court does not lift the stay and go forward in this matter. Specifically, Defendant asserts the guideline career-offender

designation derived from the Court's finding that Defendant's crime of unarmed bank robbery and his two prior convictions for the same criminal conduct all qualified as crimes of violence under §§ 4B1.1 and 4B1.2.  The career-offender guideline increased Defendant's total offense level by eight levels and increased his criminal history category from IV to VI, which brought his guideline range to 151-188 months.  Defendant asserts if the Court had not designated him as a career offender, his guideline range would have been 51-71 months.  Defendant also asserts in his Objection that even though his current projected release date is May 24, 2022, he has currently "served a sentence equivalent to approximately 70 months" (assuming good-time credits).[2]  According to Defendant, therefore, he is at risk of overserving the sentence he would have received if he had not been designated as a career offender.

The government asserts three arguments in rebuttal to Defendant's Objection:  (1) Defendant's release date without relief is May 24, 2022, and it is unlikely that the Court will reduce his sentence so that he obtains a reduction in his sentence shorter than the stay the government seeks; (2) when Defendant was sentenced, the Court had the option to impose any legal sentence, and there is not any guarantee that he will

---

[2] In his Reply Defendant states he has served 58 months in prison.

10 - OPINION AND ORDER

receive a lower sentence than he initially received (much less a sentence that requires his immediate release) even if the Court finds he is entitled to relief and proceeds to sentencing. Moreover, there is not a plea agreement between the parties, and, therefore, the government can argue for any sentence; and (3) if this Court proceeds to sentencing, the government may seek a stay in the Ninth Circuit if the Court finds *Johnson* is retroactive or orders Defendant's release.  If the Ninth Circuit follows its precedent in *Gardner* and *Jacob* and grants a stay, Defendant still will not obtain the relief he seeks.

The Court agrees that when Defendant was sentenced, the Court had the option to impose any legal sentence and that the government is free to argue for any sentence because there is not any plea agreement between the parties.  Thus, there is not any guarantee that Defendant would receive a lower sentence than he initially received or receive a sentence that would allow his immediate release.  In addition, in light of the fact that the Ninth Circuit has stayed *Gardner* and *Jacob,* which involve the same questions at issue in this matter, and because the government has represented it is likely to seek a stay in the Ninth Circuit if the Court decides this matter in Defendant's favor, the Court concludes in the exercise of its discretion that a continued stay of this matter is appropriate.

**CONCLUSION**

For these reasons, the Court **CONTINUES the stay** in this matter consistent with the Court's April 29, 2016, Order (#159).

The Court **DIRECTS** the parties to file a Joint Status Report within ten days of the Supreme Court's decision in *Beckles* or any other legal development that would affect the present stay of proceedings.

IT IS SO ORDERED.

DATED this 9th day of August, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER